[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, proceeded on an uncontested dissolution in May, 1989. Although the defendant had filed a pro se appearance he did not appear at trial and did not file a financial affidavit. The parties had been married for approximately 14 years. There were no children of this marriage.
At the time of the dissolution, the plaintiff filed a financial affidavit which omitted any mention of real estate owned by the parties. In fact, the parties were joint owners of real estate located at 100 Newtown Turnpike, Weston, Connecticut. The plaintiff's affidavit indicated a weekly gross income of $1,000 and a net of $907.69 per week. Her weekly expenses were listed as $407 per week and she had one debt of $2,000. As stated, there was mention of real estate on the plaintiff's financial affidavit.
By motion dated July 18, 1990, the plaintiff now seeks to reopen the judgment of dissolution which she obtained on May 9, CT Page 9172 1989, and to litigate the distribution of marital assets.
The plaintiff seeks to reopen the judgment not on the basis of fraud, but rather that the trial court failed to make a searching inquiry of the plaintiff regarding the mutual agreement of the parties.
At the uncontested dissolution hearing the plaintiff was asked the following question:
 "You and your husband have a mutual agreement as to the disposition of your real estate and your personal property? You're not asking the court to enter orders in regard to that?"
The plaintiff responded: "That's right."
Section 52-212 (a) CGSA provides that a civil judgment or decree may be reopened or set aside within four months only. The court may however, reopen a judgment after the four month period if the judgment was obtained by fraud (and with a consideration of laches, due diligence, clear proof, and different result).
The plaintiff sought this dissolution and represented to the court that the parties had arrived at a mutual agreement as to the division of their property and did request that the court not enter any orders in connection with the agreement. The plaintiff's financial affidavit filed at trial did not list any real estate. The defendant did not appear at trial and filed no affidavit.
The plaintiff does not claim fraud in this case. Barring fraud, the court is then faced with reopening a judgment long after the four month period has expired.
The cases cited in the plaintiff's brief, which is well written and persuasive, have as their underpinnings a question of fraud, that is, a concealment from the court or the opposing party, and the filing of knowingly misleading and/or inaccurate affidavits.
There were no cases cited by the plaintiff wherein a judgment was reopened after the four month period had expired on the basis of the court's failure to make a searching inquiry of the plaintiff.
Although the court has continuing jurisdiction in family matters, to enforce and implement its orders and to modify certain of its orders, in this case no orders were entered over CT Page 9173 which the court would have continuing jurisdiction.
The judgment does not extinguish the agreement between the parties and the parties are free to pursue their claims in the future. Unless the court reviewing the agreement declares otherwise, it remains as a valid contract between the parties. Apparently, the plaintiff claims not that the defendant has failed to abide by the terms of the agreement, but rather the the plaintiff wishes to either relitigate or, at the very least renegotiate her agreement.
As fraud is not the basis of setting aside and reopening the judgment in this matter, the court lacks jurisdiction to reopen the judgment where the motion to reopen is filed more than four months from the date in which the judgment was entered.
The plaintiff's Motion to Reopen is denied.
COPPETO, J.